UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IKB DEUTSCHE INDUSTRIEBANK AG,<br><br>                                        Plaintiff,<br><br>- *against* -<br><br>McGRAW HILL FINANCIAL, INC. (f/k/a THE McGRAW-HILL COMPANIES, INC. (d/b/a STANDARD & POOR'S RATINGS SERVICES)), STANDARD & POOR'S FINANCIAL SERVICES LLC,<br><br>                                        Defendants. | Case No. 14-CV-3443 (JSR) |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT STANDARD & POOR'S FINANCIAL SERVICES LLC'S MOTION TO DISMISS THE AMENDED COMPLAINT

| | |
|---|---|
| Of Counsel:   Floyd Abrams<br>                      Dean Ringel<br>                      Jason M. Hall<br>                      Roxana Labatt | CAHILL GORDON & REINDEL LLP<br>80 Pine Street<br>New York, New York 10005<br>(212) 701-3000<br><br>*Attorneys for Defendants* |

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft* v. *Iqbal*,
    556 U.S. 662 (2009) ............................................................................................................. 3

*ATSI Communications, Inc.* v. *Shaar Fund, Ltd.*,
    493 F.3d 87 (2d Cir. 2007) ................................................................................................ 3n


**Rules**

Fed. R. Civ. P. 12(b)(6) .............................................................................................................. 1

Fed. R. Civ. P. 8 ......................................................................................................................... 3

Fed. R. Civ. P. 9(b) .................................................................................................................. 3n

Defendant Standard & Poor's Financial Services LLC (referred to herein as "S&P LLC"), respectfully submits this memorandum of law in support of its motion to dismiss the Amended Complaint of Plaintiff IKB Deutsche Industriebank AG (referred to herein as "IKB") pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Amended Complaint adds S&P LLC as a defendant. It affirmatively alleges that "S&P LLC was formed effective January 1, 2009." Amended Compl. ¶ 66.[1] But the Amended Complaint is equally clear that all of the conduct it challenges is alleged to have occurred well before 2009. For that most fundamental of reasons, *i.e.*, that the defendant in question did not and could not, under the Amended Complaint's own allegations, have engaged in the conduct challenged as actionable, the Amended Complaint must be dismissed. Dismissal of S&P LLC would not affect the status of its corporate parent, named as a defendant in both the Original and Amended Complaints, although that parent, McGraw Hill Financial, Inc., has separate bases for dismissal set forth in its own motion to dismiss, which S&P LLC joins.[2]

## ARGUMENT

In both its Original and Amended Complaints, IKB alleges misconduct relating to the rating of the notes issued by the Rhinebridge Structured Investment Vehicle ("SIV"). *See, e.g.*,

---

[1] The facts set forth in this Memorandum are taken from the allegations in the Amended Complaint, which are assumed true only for purposes of this motion (and many of which will be subject to dispute if this action proceeds).

[2] Pursuant to the instructions from Chambers during the July 18, 2014 teleconference, Defendant McGraw Hill Financial, Inc. resubmitted its Memorandum of Law in Support of Defendant McGraw Hill Financial, Inc.'s Motion to Dismiss the Amended Complaint and the accompanying Declarations of Dean Ringel and Jan Heiner Nedden, previously filed on June 20, 2014, retitled and directed to the Amended Complaint (and modified from the documents filed on June 20, 2014 only to the extent of referring to the Amended Complaint instead of the Complaint and changing paragraph number references to conform to those of the Amended Complaint). S&P LLC joins in that motion in addition to the separate motion discussed in this memorandum of law.

Amended Compl. ¶ 246 ("S&P made materially false and misleading representations and omissions concerning the credit quality of the Rhinebridge Notes . . ."). IKB's own allegations make clear that the claims it asserts relate to events that occurred in *2007*. *See* Amended Compl. ¶ 1 ("This action arises out of the collapse of a structured investment vehicle ("SIV") known as Rhinebridge. Rhinebridge was formed in mid-2007 . . . and then collapsed a few months later"). The Rhinebridge SIV notes were rated in June *2007*,[3] and IKB invested in the Rhinebridge SIV notes in June and August of *2007*. *See* Amended Compl. ¶¶ 4, 224, 234, 238, 239. In October *2007*, the Rhinebridge SIV went into receivership and the notes' ratings were downgraded to "D," to reflect default status. *See* Amended Compl. ¶¶ 1, 62, 241. Indeed, IKB has alleged that every element of its claims in this case occurred by the end of 2007. *See* Amended Compl. ¶¶ 45, 119, 124, 129, 222-24, 231-34, 238-43, 269, 291.

Yet, IKB now seeks to add as a defendant in this action S&P LLC, an entity which, as IKB itself alleges, ***did not even exist*** until January 1, 2009. *See* Amended Compl. ¶ 66 ("S&P LLC was formed effective January 1, 2009 as part of an internal reorganization."). As such, IKB has not alleged and could not allege that S&P LLC perpetrated or participated in any of the conduct that IKB alleges, all of which is alleged to have taken place in 2007 before S&P LLC ever existed.[4]

IKB does not make a single allegation of misconduct specific to S&P LLC, nor could it. S&P LLC simply did not exist at the relevant time, and cannot be alleged to have misled IKB.

---

[3] The Complaint concedes that neither the Rhinebridge SIV's senior capital notes ("SCN"), nor the first-loss piece, the junior capital notes ("JCN"), were ever assigned S&P ratings. *See* Amended Compl. ¶ 119.

[4] As such, IKB's attempt to group S&P LLC into the definition of "S&P", along with Standard & Poor's Ratings Services, does not suffice where the misconduct by Standard & Poor's Ratings Services is alleged to have occurred before S&P LLC even came into existence.

Accordingly, the allegations against S&P LLC, such as they are, fail to satisfy even the liberal notice pleading requirements of Rule 8.[5]  At a minimum, Rule 8 requires a plaintiff to "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009).  Here, where the Amended Complaint itself alleges that the defendant did not exist at the time of the alleged misconduct, the Complaint permits no such inference.

IKB's failure to plead facts supporting any claim against S&P LLC, along with its affirmative pleading that S&P LLC did not exist at the time of the challenged conduct, requires dismissal of this entity.

## **CONCLUSION**

For the reasons stated, S&P LLC respectfully submits that the claims against it should be dismissed with prejudice.

Dated:  New York, New York
        July 24, 2014

By:   /s/ Dean Ringel

Floyd Abrams  (FAbrams@cahill.com)
Dean Ringel  (DRingel@Cahill.com)
Jason M. Hall  (JHall@Cahill.com)
Roxana Labatt (RLabatt@Cahill.com)
CAHILL GORDON & REINDEL LLP
Eighty Pine Street
New York, New York 10005-1702
Phone: (212) 701-3000
Fax: (212) 269-5420

*Attorneys for Defendants*

---

[5] Moreover, IKB was required to meet the rigorous pleading requirements of Rule 9(b) in alleging its fraud claim against S&P LLC.  *See, e.g., ATSI Communications, Inc.* v. *Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007).  Plaintiff's allegations in the Amended Complaint would not pass muster under Rule 8, let alone Rule 9(b).

3