UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IKB DEUTSCHE INDUSTRIEBANK AG,

                Plaintiff,

      vs.

McGRAW HILL FINANCIAL, INC. (f/k/a THE
McGRAW-HILL COMPANIES, INC. (d/b/a
STANDARD & POOR'S RATINGS SERVICES)) and
STANDARD & POOR'S FINANCIAL SERVICES LLC,

                Defendants.

No. 14 Civ. 3443 (JSR)

---

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT STANDARD
& POOR'S FINANCIAL SERVICES LLC'S MOTION TO DISMISS**

 

WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
(212) 382-3300

*Attorneys for Plaintiff
IKB Deutsche Industriebank AG*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................iii - iv

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT..................................................................................................................................2

CONCLUSION...............................................................................................................................5

**TABLE OF AUTHORITIES**

**Case**                                                                                                               **Page(s)**

*Bayerische Landesbank v. Barclays Bank PLC*,
    No. 652697/2012 (N.Y. Sup. Ct. July 30, 2014) ....................................................... 1, n.1

*Beck v. Roper Whitney, Inc.*,
    190 F. Supp. 2d 524 (W.D.N.Y. 2001) ........................................................................... 3

*Cargo Partner AG v. Albatrans, Inc.*,
    207 F. Supp. 2d 86 (S.D.N.Y. 2002) ............................................................................ 4, n.5

*Cargo Partner AG v. Albatrans, Inc.*,
    352 F.3d 41 (2d Cir. 2003) ............................................................................................ 3, n.4

*Connolly v. Dresdner Bank AG*,
    No. 08-cv-5018, 2009 WL 1138712 (S.D.N.Y. Apr. 27, 2009) ....................................... 2

*Deutsche Zentral-Genossenschaftsbank AG v. Morgan Stanley*,
    No. 654035/2012 (N.Y. Sup. Ct. July 24, 2014) ....................................................... 1, n.1

*Fed. Hous. Fin. Agency v. Deutsche Bank AG*,
    903 F. Supp. 2d 285 (S.D.N.Y. 2012) ............................................................................ 4

*Mortimer Off Shore Servs., Ltd. v. Fed. Republic of Germany*,
    No. 05-cv-010669, 2007 WL 2822214 (S.D.N.Y. Sept. 27, 2007)
    *aff'd*, 615 F.3d 97 (2d Cir. 2010) ................................................................................ 4, n.6

*O'Connor v. 11 W. 30th St. Rest. Corp.*,
    No. 94-cv-2951, 1995 WL 354904 (S.D.N.Y. June 13, 1995) ........................................ 5

*Said v. SBS Electronics, Inc.*,
    No. 08-cv-3067, 2010 WL 1287080 (E.D.N.Y. Mar. 31, 2010) ................................ 4, n.6

*Societe Anonyme Dauphitex v. Schoenfelder Corp.*,
    No. 07-cv-489, 2007 WL 3253592 (S.D.N.Y. Nov. 2, 2007) ...................................... 3, 4

*Staehr v. Hartford Fin. Servs. Grp., Inc.*,
    547 F.3d 406 (2d Cir. 2008) ....................................................................................... 2, n.3

*Tommy Lee Handbags Mfg. Ltd. v. 1948 Corp.*,
    971 F. Supp. 2d 368 (S.D.N.Y. 2013) ........................................................................... 3

*Topever Corp. v. ENE Grp. LLC*,
    12-CV-869, 2013 WL 822378 (S.D.N.Y. Mar. 6, 2013) ........................................... 4, n.5

*Vorcom Internet Servs., Inc. v. L & H Eng'g & Design LLC*,
    12-CV-2049, 2013 WL 335717 (S.D.N.Y. Jan. 9, 2013) ................................................. 4

Plaintiff IKB Deutsche Industriebank AG ("IKB") respectfully submits this memorandum of law, together with the Declaration of Jeffrey Coviello (hereinafter, "Coviello"), dated August 6, 2014, in opposition to the motion to dismiss the Amended Complaint filed by Defendant Standard & Poor's Financial Services LLC ("S&P LLC" or "Defendant").

## PRELIMINARY STATEMENT

S&P LLC's sole argument for dismissal is that because it did not exist until January 1, 2009 it could not have engaged in the pre-2009 conduct alleged in the Amended Complaint.[1] But recitation of this simple chronology is not dispositive; it begs the question of whether S&P LLC has successor liability for the conduct of its predecessor ratings businesses. S&P LLC vaguely states that its dismissal would not affect the status of its corporate parent and co-defendant, but nowhere claims that S&P LLC has no successor liability for the fraudulent ratings at issue. That omission speaks volumes. Furthermore, S&P LLC's argument that IKB has failed to plead facts supporting any claim against S&P LLC ignores the material allegation that S&P LLC was formed "as part of an internal reorganization to house in a separate subsidiary certain ratings businesses previously operating as divisions of McGraw Hill." Am. Compl. ¶ 66.[2]

---

[1] Through its motion, S&P LLC also joined in the separate motion to dismiss filed by its parent, Defendant McGraw Hill Financial, Inc. (f/k/a The McGraw-Hill Companies, Inc. (d/b/a Standard & Poor's Ratings Services)) ("S&P"). *See* S&P LLC Br. at 1 n.2. Accordingly, IKB incorporates by reference the arguments in its Opposition to S&P's motion to dismiss, filed July 24, 2014, Dkt. No. 36. IKB further notes that in the short time since it filed that brief, two new orders have been issued joining the collection of others that have denied motions to dismiss claims as time-barred under the German statute of limitations due to the existence of fact issues that could not be resolved at the pleading stage. *See Bayerische Landesbank v. Barclays Bank PLC*, Index No. 652697/2012 (N.Y. Sup. Ct. July 30, 2014) (denying motion to dismiss due to the existence of a triable issue of fact as to whether the German statute of limitations bars the claims); *Deutsche Zentral-Genossenschaftsbank AG v. Morgan Stanley,* No. 654035/2012 (N.Y. Sup. Ct. July 24, 2014) (same).

[2] S&P LLC not only ignores this allegation, it actually excises it – without ellipses – in its motion's two citations to Paragraph 66 of the Amended Complaint. *See* S&P LLC Br. at 1, 2.

## ARGUMENT

As alleged in the Amended Complaint, S&P LLC is a wholly owned subsidiary of Defendant McGraw Hill Financial, Inc., which was formed effective January 1, 2009 as part of an internal reorganization to "house" in a separate subsidiary certain rating businesses previously operating as divisions of McGraw Hill.  Am Compl. ¶ 66.  In its most recent Application for Registration as a NRSRO filed with the SEC, Standard & Poor's Ratings Services certified:

> Standard & Poor's Ratings Services is comprised of (i) a separately identifiable business unit within *Standard & Poor's Financial Services LLC*, a Delaware limited liability company wholly-owned by McGraw Hill Financial, Inc. ('MHFI', formerly known as The McGraw-Hill Companies, Inc.), *formed on November 18, 2008 to house, effective January 1, 2009, certain businesses previously operating as divisions of MHFI*, and (ii) the credit ratings business housed within certain other wholly-owned subsidiaries of MHFI.

(emphasis added).[3]

A successor company may be held liable for the torts of its predecessor if, among other things, (i) it expressly or impliedly assumed the predecessor's tort liability, or (ii) it is a "mere continuation" of the predecessor entity.  *Connolly v. Dresdner Bank AG*, No. 08-cv-5018(SHS), 2009 WL 1138712, at *3 (S.D.N.Y. Apr. 27, 2009).  S&P LLC's motion to dismiss fails to even acknowledge this obvious issue of successor liability, let alone demonstrate as a matter of law that there can be no successor liability in this case.

---

[3] Coviello Ex. 1 (S&P LLC's SEC Form NRSRO, Application for Registration as a Nationally Recognized Statistical Rating Organization (NRSRO), dated May 21, 2014); *see also* Coviello 7/24/14 Dec. Ex. 2, Dkt. No. 37-2, at 1 n.1 (S&P Answer in *King County*) (filed May 11, 2010) ("Standard & Poor's Ratings Services is currently a business unit of Standard & Poor's Financial Services LLC, a wholly owned subsidiary of McGraw-Hill.  Prior to January 1, 2009, Standard & Poor's Ratings Services was an unincorporated division of McGraw-Hill").  The Court may take judicial notice of these materials.  *See Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (taking judicial notice of materials that "were offered to show . . . that assertions were made in lawsuits and regulatory filings").

First, by certifying to the SEC that the very purpose of creating S&P LLC was to "house" the ratings businesses previously operating as divisions of The McGraw-Hill Companies, there is at least an issue of fact as to whether S&P LLC expressly or impliedly assumed the tort liabilities of those predecessor ratings businesses. *See Beck v. Roper Whitney, Inc.*, 190 F. Supp. 2d 524, 533 (W.D.N.Y. 2001) (finding newly formed corporation liable under theory of successor liability based upon the transfer of assets and liabilities of a division of its corporate affiliate).

Second, for the same reasons, S&P LLC may have successor liability as a "mere continuation" of its predecessor. "[T]he mere continuation exception is designed to prevent a situation whereby the specific purpose of acquiring assets is to place those assets out of reach of the predecessor's creditors [so that] if [a] corporation goes through a mere change in form without a significant change in substance, it should not be allowed to escape liability." *Tommy Lee Handbags Mfg. Ltd. v. 1948 Corp.*, 971 F. Supp. 2d 368, 380 (S.D.N.Y. 2013) (citation omitted). While all of the following factors need not be present, in determining whether there has been a "mere continuation" of the predecessor or "de facto merger,"[4] New York courts look to whether there is: "(1) continuity of ownership; (2) a cessation of ordinary business and dissolution of the acquired corporation as soon as possible; (3) assumption by the successor of the liabilities ordinarily necessary for the uninterrupted continuation of the business of the acquired corporation; and (4) a continuity of management, personnel, physical location, assets, and general business operation." *Societe Anonyme Dauphitex v. Schoenfelder Corp.*, No. 07-cv-489, 2007 WL 3253592, at *3 (S.D.N.Y. Nov. 2, 2007). S&P LLC fails to address whether it assumed any liabilities of its predecessor, but does not dispute that there has been a continuity of

---

[4] "Some courts have observed that the mere-continuation and de-facto-merger doctrines are so similar that they may be considered a single exception" to the general rule concerning successor liability. *Cargo Partner AG v. Albatrans, Inc.*, 352 F.3d 41, 45 (2d Cir. 2003).

ownership and general business operation of its ratings businesses. Accordingly, there are at least questions of fact as to whether S&P LLC is a "mere continuation" of its predecessor ratings businesses and, thus, S&P LLC's motion must be denied. *See Fed. Hous. Fin. Agency v. Deutsche Bank AG*, 903 F. Supp. 2d 285, 291 (S.D.N.Y. 2012) (finding the issue of successor liability "turns on an issue of fact that is inappropriate for resolution on a motion to dismiss").

Drawing all inferences in IKB's favor, the allegations that McGraw Hill conducted an internal reorganization of ratings businesses that had operated as divisions, formed S&P LLC to "house" those predecessor ratings businesses, and that S&P LLC remained wholly owned by McGraw Hill, *see* Am. Compl. ¶ 66, sufficiently plead successor liability under the liberal pleading standards that apply. *See Vorcom Internet Servs., Inc. v. L & H Eng'g & Design LLC*, No. 12-cv-2049 VB, 2013 WL 335717, at *5 (S.D.N.Y. Jan. 9, 2013) (holding that Rule 8(a) applies to allegations of successor liability).[5] Because plaintiffs often cannot know or plead the precise details supporting successor liability,[6] allegations such as IKB's – and even lesser allegations – are considered sufficient at the pleading stage. *See, e.g.*, *Societe Anonyme Dauphitex*, 2007 WL 3253592, at *4 ("even though the amended complaint did not 'thoroughly describe every indicator of a de facto merger,'" the complaint's description of the "wholesale

---

[5] *See also Cargo Partner AG v. Albatrans, Inc.,* 207 F.Supp.2d 86, 89 n.1 (S.D.N.Y. 2002) ("when determining whether the existence of a de facto merger has been plead sufficiently it is appropriate to apply a flexible rather than formulaic approach"); *Topever Corp. v. ENE Grp. LLC*, 12 CV 869 HB, 2013 WL 822378, at *4 (S.D.N.Y. Mar. 6, 2013) (absence of the words "successor in interest" is not a basis for dismissal where the complaint provided "notice of the circumstances giving rise to the plaintiff's claim").

[6] *See, e.g.*, *Mortimer Off Shore Servs., Ltd. v. Fed. Republic of Germany*, No. 05-cv-10669 (GEL), 2007 WL 2822214, at *9 (S.D.N.Y. Sept. 27, 2007) *aff'd*, 615 F.3d 97 (2d Cir. 2010) ("the precise means by which the defendant assumed liability would be a mere matter of evidentiary detail, that would not need to be pleaded"); *Said v. SBS Electronics, Inc.*, No. 08-cv-3067 RJD JO, 2010 WL 1287080, at *4 n.1 (E.D.N.Y. Mar. 31, 2010) ("plaintiffs often lack specific information regarding a corporate transaction to sufficiently allege continuity of ownership at the pleading stage and they should not be penalized" in those instances).

transformation of one company . . . into another" was sufficient); *see also O'Connor v. 11 W. 30th St. Rest. Corp.*, No. 94-cv-2951 (LMM), 1995 WL 354904, at *9 (S.D.N.Y. June 13, 1995) (bare allegation, made upon information and belief, that defendant was a "successor in interest" sufficient to state a claim for successor liability).

## CONCLUSION

For all of the foregoing reasons, IKB respectfully submits that S&P LLC's motion to dismiss should be denied in all respects.

Dated: New York, New York
August 6, 2014

                        WOLLMUTH MAHER & DEUTSCH LLP

                        By:         /s/ David H. Wollmuth

                        David H. Wollmuth
                        William A. Maher
                        Jeffrey Coviello
                        Ryan A. Kane
                        Melissa A. Finkelstein
                        dwollmuth@wmd-law.com
                        wmaher@wmd-law.com
                        jcoviello@wmd-law.com
                        rkane@wmd-law.com
                        mfinkelstein@wmd-law.com

                        500 Fifth Avenue
                        New York, New York 10110
                        (212) 382-3300

                        *Attorneys for Plaintiff IKB Deutsche Industriebank AG*